IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SASHIM HAMPTON, # 196393, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 22-150-JB-MU |
| ) | |
| MS. LETT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Hampton proceeding *pro se* filed a complaint under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

The Court received Plaintiff's § 1983 complaint with a Motion to Proceed Without Prepayment of Fees, or *in forma pauperis* ("IFP"). (Docs.1, 2). By order dated April 14, 2022 (Doc. 3), Plaintiff was granted IFP status and service of process was ordered on Defendant Ms. Lett, a nurse at Fountain Correctional Facility, who allegedly denied him medical care following an inmate attack, but service was not attempted on fictitious party, Defendant "Correctional Officer". (Doc. 7). After multiple attempts to serve Ms. Lett, she could not be located by the Court or the United States Marshals Service. (*See* Docs. 8-14). However, information was discovered suggesting that Ms. Lett was deceased, and the Court communicated this to Plaintiff. (Doc. 15). Thereafter, Plaintiff

filed a letter motion with the Court that he wanted to name Warden McClain, Warden Butler, and Daniel L. Conn, President and C.E.O. of Wexford Health Services, Inc., as defendants to the action. (Doc. 16). Because the motion contained no allegations, Plaintiff was instructed to file an amended complaint explaining what each defendant did to violate his constitutional or federal rights. (Doc. 17). Plaintiff was given until July 5, 2023, to file his amended complaint on the Court's § 1983 form. (*Id.*). The Court warned Plaintiff that failure to comply with the Court's order within the required time would result in the dismissal of this action. (*Id.* at 5). The order and the Court's form were sent to Plaintiff and have not been returned to the Court by postal officials. To date, Plaintiff has not filed an amended complaint or communicated with the Court in any manner.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

Notably, Plaintiff specified that the incident forming the basis of this action occurred on February 17, 2022. (Doc. 1 at 4). If this action is dismissed, the two-year statute of limitations for a § 1983 action will not have expired. *Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992). Thus, Plaintiff would be able to re-file his action, if he chose to do so. Also, Plaintiff may file written objections to this Recommendation following the instructions below.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **29th** day of **August**, 2023.

                                              s/P. Bradley Murray  
                                              UNITED STATES MAGISTRATE JUDGE